

U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

March 2, 2006

H. Heather Shaner, Esq.
1702 S Street, N.W.
Washington, D.C. 20009

05-597M-01

**FILED**

MAY 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   United States v. Cecilia Rodriguez

Dear Ms. Shaner:

This letter sets forth the full and complete plea offer to your client, Ms. Cecilia Rodriguez. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Criminal Division of the U.S. Department of Justice, Computer Crime and Intellectual Property Section. This plea offer will expire on March 10th, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

   1.   **Charges:** Ms. Rodriguez agrees to plead guilty to Count One of the attached Information charging a violation of Title 18, United States Code, Section 371 (misdemeanor conspiracy to commit copyright infringement, in violation of 18 U.S.C. § 2319(a), (b)(3) and 17 U.S.C. § 506(a)(1)(A)). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Rodriguez and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

   2.   **Potential penalties, assessments, and restitution:** Ms. Rodriguez understands that the maximum sentence that can be imposed is one (1) year imprisonment, a fine of $100,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $25 special assessment, a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Rodriguez understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines"). Ms. Rodriguez understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Rodriguez further understands that if the Court imposes a sentence that is in any way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Rodriguez's right to appeal an unlawful or unreasonable sentence or to appeal the district court's application of the Sentencing Guidelines.

3.  **Federal Sentencing Guidelines:** The parties agree that the 2004 Edition of the Federal Sentencing Guidelines Manual is applicable to this case and that the Base Offense Level is 8.

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for Ms. Rodriguez in this case. In the event that this plea offer is either not accepted by Ms. Rodriguez, or accepted by Ms. Rodriguez but the guilty plea is either rejected by the Court or subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.  **Financial Arrangements:** Ms. Rodriguez agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $25.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Ms. Rodriguez also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5.  **Waiver of Rights:** Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Rodriguez expressly warrants that she has discussed these rules with his counsel and understands them. Ms. Rodriguez voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Ms. Rodriguez understands and agrees that any statements that she makes in the course of her guilty plea or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

6.  **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Ms. Rodriguez's criminal activities.

7.  The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8.  If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

2

9. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Rodriguez's release pending sentencing, agrees to support a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and agrees not to oppose Ms. Rodriguez's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Rodriguez continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Rodriguez in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the crime outlined in the attached Information.

10. **Court is not bound:** Ms. Rodriguez understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

11. **Breach of Agreement:** Ms. Rodriguez agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Rodriguez's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Rodriguez will not have the right to withdraw the guilty plea; (c) Ms. Rodriguez shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Rodriguez, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

12. **USAO's Criminal Division Bound:** Ms. Rodriguez understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Criminal Division of the U.S. Department of Justice, Computer Crime and

Intellectual Property Section. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Rodriguez.

**13.** **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Rodriguez, Ms. Rodriguez's counsel and an Assistant United States Attorney for the District of Columbia or a Trial Attorney from the Criminal Division of the U.S. Department of Justice.

If the foregoing terms and conditions are satisfactory, Ms. Rodriguez may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Rodriguez and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: 

JOHN CARLIN
Assistant United States Attorney
Fraud and Public Corruption
202-353-2457

CORBIN A. WEISS
Senior Counsel, U.S. Department of Justice
Computer Crime & Intellectual Property Section

4

I have read this plea agreement and have discussed it with my attorney H. Heather Shaner, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5-31-06

Cecilia Rodriguez
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5-31-06

H. Heather Shaner, Esquire
Attorney for the Defendant